Argued July 11, affirmed October 23, petition for
rehearing denied November 12, 1968

EBCO, INC., *Appellant, v.* BECHTOLD,
*Respondent.*

446 P. 2d 120

*Morton A. Winkel,* Portland, argued the cause for appellant. With him on the briefs were Reinhardt, Coblens, Stoll & Winkel and Justin N. Reinhardt, Portland.

*Thomas H. Tongue,* Portland, argued the cause for respondent. With him on the brief were Brune & Meysing, Patricia Braun, Charles J. Strader, and Mautz, Souther, Spaulding, Kinsey & Williamson, Portland.

Before McAllister, Presiding Justice, and Sloan, O'Connell, Goodwin and Denecke, Justices.

O'CONNELL, J.

This is an action brought by the seller of a laundry business to recover the balance of the purchase price from defendants who guaranteed the payment of the purchase price. The trial court held that plaintiff had violated one of the conditions of the contract of purchase and therefore defendants were discharged of their liability as guarantors. Plaintiff appeals.

On March 15, 1960, Troy-Capital, Inc., entered into a contract to purchase from plaintiff, Ebco, Inc., a laundry business located in Idaho. Troy-Capital was formed by defendant William Jerry Bechtold and his

brother Richard I. Bechtold, now deceased, for the purpose of purchasing the laundry business and operating it. One of the conditions of the contract was that the Bechtolds would deliver to seller an agreement guaranteeing the payment to the seller of the unpaid balances and the performance of other obligations of the buyer.[1] The purchase contract also contained the following provision which is numbered 4f:

> "EBCO, INC. further agrees to cause the Hotel Boise and Hotel Owyhee to agree to have their laundering and dry cleaning and any linen supply service being used performed by Troy Capital, Inc. for the period of this contract. The price for such service shall be reasonable and competitive, it being agreed, nevertheless, that the present price schedule shall be considered reasonable and competitive for the first 18 months of the period of this contract and in the event the parties cannot agree on the price, the matter shall be arbitrated, but Buyer shall continue to do the business of the aforesaid Boise Hotel and Owyhee Hotel during this period of time."

A majority of the stock of both Ebco, Inc. and the two hotel corporations was held by W. D. Eberle, T. H. Eberle and W. D. Eberle, and all three corporations were controlled by the Eberles.

There is evidence that the hotels failed to have some of their laundry service performed by Troy-Capital. This evidence was sufficient to establish a breach of paragraph 4f. of the purchase contract.

---

[1] The guarantee clause of the purchase contract read in part: "* * * guaranteeing payment to Seller of the unpaid balances due hereunder, * * * and including the performance of all obligations of Buyer incumbent upon and to be kept and performed, provided, nevertheless, that Seller will return to said individual guarantors herein, the guarantee herein provided if this contract and the payments reserved herein have been fully complied with and performed for the first two years of the term of this purchase agreement."

Plaintiff argues that the failure to use Troy-Capital's laundry service did not constitute a breach of contract by Ebco and that the breach, if any, was by the hotel corporations. Plaintiff rests this argument on the interpretation of paragraph 4f, contending that plaintiff did not agree to cause the hotels to have their laundry service performed by Troy-Capital but agreed only to cause the hotels *to agree* to perform. The trial court described plaintiff's contention as "sophistry."

It must be conceded that the contract literally provides that plaintiff is obligated only to cause the hotels to agree to use the services of Troy-Capital. But the character of the bargain into which the parties entered is not to be tested by a sterile formula of words; it must be found by inquiring into the purposes which the parties were most probably trying to express by the language which they employed. It seems to be conceded here that the general purpose of paragraph 4f of the contract was to provide the purchaser with the means of paying the contract installments as they became due. The crucial question is: What kind of assurance were the Bechtolds seeking? Was it simply the assurance of the corporate promises of the two hotels, or was it the seller's promise to see that the hotels' laundry business was brought to the purchaser? The question is difficult to answer principally because the identity of the interests of the Eberles with both the Ebco corporation and the two hotel corporations creates an ambiguity as to where the burden of performance under paragraph 4f was to lie.

■ Under such circumstances we are entitled to "peek" behind the corporate veils (though not lifting them) for the purpose of seeing this identity of interests if it is helpful in the interpretation of the contract. We think that in the circumstances of this case the

identity of interests spells out an identity of promises. The purchaser was bargaining for business survival through the flow of the hotels' business. If Troy-Capital's survival rested upon the bargain as it is interpreted by plaintiff, then the Bechtolds' interest was indeed precarious. The Eberles in the role as principal owners of the hotels could, by draining a part of Troy-Capital's business life-blood, weaken it and make it ready for the denouement to be administered by the Eberles in their role as owners of Ebco.

■ We cannot bring ourselves to believe that this is all that the Bechtolds were bargaining for. We hold, therefore, that plaintiff's promise was a single integrated promise to see that the hotels' laundry needs would be served by Troy-Capital. This part of the purchase contract was breached and the Bechtolds as guarantors were discharged under the familiar rule that a guarantor is discharged if the conditions of the obligation which he guarantees are not performed.[2]

■ Plaintiff has argued that the Bechtolds were primary obligors but we agree with the trial court's conclusion that they were guarantors only. Plaintiff itself, in the course of dealing with the Bechtolds, denominated them as "guarantors" and referred to the agreement with the Bechtolds as a "guaranty" agreement. This is a "practical construction" of their own agreement.

The judgment of the trial court is affirmed.

---

[2] 10 Williston on Contracts, § 1243 (3d ed 1967); cf. Marshall-Wells Co. v. Tenney, 118 Or 373, 244 P 84, 45 ALR 1382 (1926).